9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert H. HERSCHER, Defendant/Appellant.
 No. 93-1955.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER, and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Herscher was found in possession of eleven checks taken from two rural mailboxes. He pleaded guilty to possession of stolen mail, 18 U.S.C. Sec. 1708. Finding that the offense involved calculated and repeated acts over a period of time, the district court increased Herscher's base offense level by two points for "more than minimal planning." United States Sentencing Commission, Guidelines Manual, ("U.S.S.G."), Sec. 2B1.2(b)(4)(B). The sole issue on appeal is whether Herscher engaged in more than minimal planning.
 
 
 2
 We review a finding of "more than minimal planning" for clear error and will reverse only if we are left with "a definite and firm conviction that a mistake has been committed." United States v. Moore, 991 F.2d 409, 412 (7th Cir.1993). See also United States v. Lennick, 917 F.2d 974, 979 (7th Cir.1990); United States v. White, 903 F.2d 457, 465 (7th Cir.1990). The application note of the U.S.S.G. defines "more than minimal planning" as "more planning than is typical for commission of the offense in a simple form." U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). Also, "more than minimal planning" is deemed present "in any case involving repeated acts over a period of time unless it is clear that each instance was purely opportune." Id.
 
 
 3
 Herscher challenges the district court's finding that eleven acts were committed. The dates on the first ten checks ranged from August 20, 1991 to September 6, 1991, and the eleventh check was dated July 6, 1992.[1] No evidence suggests that the checks were mailed on the days they were dated. Herscher contends that the first ten checks were taken at one time from one mailbox and the last check was taken in the following year from another mailbox. Since the checks were taken on only two occasions Herscher's argument continues, the acts were not enough to constitute more than minimal planning. United States v. Maciaga, 965 F.2d 404, 407 (7th Cir.1992) (stating that "more than minimal planning" has never been applied to cases involving fewer than three repeated acts).
 
 
 4
 Although not explicit concerning the basis of its eleven-act finding, the district court could have concluded that Herscher visited the mailbox ten times to obtain the first batch of checks. That is, the ten checks, issued on six different dates in a span of seventeen days, reached the mailbox on ten separate dates. We cannot say that the district court is clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous").
 
 
 5
 Herscher next contends that his acts were purely opportune; he took the mail in the afternoon when he happened upon the unlocked mailbox and saw the mail inside. Additionally, Herscher analogizes his activities to examples provided in the U.S.S.G. which by themselves would not constitute more than minimal planning. U.S.S.G. Sec. 1B1.1, comment. (n. 1(f)). These examples include: in an assault, waiting to commit the offense when no witnesses were present; in a commercial burglary, checking the area to make sure no witnesses were present; or in a theft, going to a secluded area of a store to conceal the stolen item in one's pocket, even though repeated instances of such thefts on several occasions would constitute more than minimal planning. Id.
 
 
 6
 The district court, however, found Herscher's acts calculated rather than spontaneous. Again, we find no clear error in the trial court's finding because it is based on the presentence investigation report which emphasizes Herscher's behavior of staking out rural mailboxes and waiting until nightfall before stealing the mail. Herscher's acts involved more foresight than the above examples because more planning was involved in waiting until nightfall than merely making sure that no witnesses are present. Similarly, driving to the countryside to commit the offense requires more foresight than the opportune behavior of going to a secluded area of a store to conceal a stolen item in one's pocket.
 
 
 7
 Finally, the manner in which Herscher stole the checks is not "typical for commission of the offense in a simple form." Id. This case is distinguishable from Maciaga, 965 F.2d 404, where the court reversed the trial court's finding of "more than typical planning" in part because of the simplicity of the crime. In Maciaga, the defendant's job as a security guard at a bank involved deactivating the alarm to open the bank and opening the night deposit safe after at least two other employees have arrived. On two occasions, the defendant removed deposit bags without waiting for anyone else to arrive and placed them in the trunk of his car. The defendant's acts were found to be "simple crimes." Id. at 407.
 
 
 8
 Unlike in Maciaga where the defendant's deactivation of the alarm was part of his ordinary duties and no additional planning was required, Herscher made more effort prior to removing the mail. Although the act of pulling the mail from a mailbox is a simple act, he had to select and stake out the business mailboxes likely to contain checks and then wait until nightfall to steal the mail. The trial court permissibly could reject Herscher's claim that his acts were purely opportune. Accordingly, the trial court committed no clear error in increasing Herscher's base offense level for "more than minimal planning." The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The dates on the checks are as follows: 8/20/91 (two checks), 8/28/91, 9/3/91, 9/5/91 (three checks), 9/6/91 (three checks), and 7/6/92